UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JUSTIN J. ALLEE, ) | |
| ) | |
| Petitioner, ) | Civil No. 6: 17-CV-192-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Justin Allee has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I**

In February 2000, two masked gunmen robbed the First National Bank in Omaha, Nebraska. A witness followed the men as they fled in a stolen Chevy Blazer, but the pair abandoned it a few blocks later and sped off in a white Monte Carlo. The robbers were not apprehended.

A month later, two masked gunmen robbed the Westgate Bank in Lincoln, Nebraska using guns similar to those used in the Omaha robbery. The pair drove off in stolen Jeep Cherokee, but abandoned it shortly thereafter. Later that day a police officer attempted to pull over a Mazda Navajo headed towards Omaha on the interstate, but the vehicle and its passengers escaped when they drove off the highway and through a field. The two men in the vehicle – later identified as brothers Justin Allee and James Allee – then forced their way into a rural home,

shot the elderly couple who lived there, and carjacked a vehicle. Police captured the men two days later. In light of the similarities between the two robberies, police investigated the Allees for both crimes, and they were ultimately charged with both.

Following a jury trial in May 2001, Justin Allee was found guilty of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; bank robbery in violation of 18 U.S.C. § 2113(a), (d); carjacking in violation of 18 U.S.C. §§ 2119(2); brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); using and discharging a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (C)(ii); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The trial court sentenced Allee to 235-month sentences for each of the conspiracy, bank robbery, carjacking, and felon-in-possession charges, all to run concurrently with one another. It separately sentenced him to 84 months imprisonment on the first § 924(c)(1)(A) conviction and 300 months imprisonment on the second, these two sentences to run concurrently with one another but consecutively to the first set of sentences, for a total sentence of five hundred thirty-five (535) months imprisonment. *United States v. Allee*, No. 8: 00-CR-83-JFB-1 (D. Neb. 2000).

The Court of Appeals for the Eighth Circuit rejected Allee's challenges to his conviction on direct appeal. However, the Eighth Circuit agreed with the government that because his two § 924(c) convictions arose from two separate incidents, it was improper to run the two sentences concurrently, and remanded for consecutive resentencing. *United States v. Allee*, 299 F. 3d 996 (8th Cir. 2002). In November 2002, the trial court entered a revised judgment in accord with the Eighth Circuit's opinion and imposed a total sentence of six hundred nineteen (619) months imprisonment. Allee subsequently sought post-judgment relief from his convictions and

sentences by various means, including filing several motions under 28 U.S.C. § 2255 and a petition for a writ of *audita querela*, all without success.

## II

Allee's § 2241 petition before this Court asserts three substantive grounds for relief. First, he contends that his federal conspiracy and bank robbery offenses are no longer "crimes of violence" to support his two § 924(c) convictions in light of the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). Second, he argues that if the trial court had the benefit of the Supreme Court's recent decision in *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017), he might have received much shorter sentences for his convictions other than for the § 924(c) convictions and suggests that he is entitled to unspecified relief. Third, Allee asserts that the 235-month sentence imposed for being a felon in possession of a firearm exceeds the 120-month maximum sentence allowed by § 924 and is thus unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). [R. 1 at 6-8; R. 6 at 3]

While Allee invokes *Mathis* in his first claim, he does so not to challenge the sentences imposed but instead to challenge his § 924(c)(1)(A) convictions themselves. To properly challenge a conviction in a § 2241 petition, the petitioner must fall within the narrow scope of the "savings clause" found in 28 U.S.C. § 2255(e) by demonstrating that a motion under § 2255(a) is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). In sum, the petitioner must be asserting a claim that he is "actual[ly] innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing

3

*United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Id.* at 308.

Allee's claim under *Mathis* fails to satisfy these requirements. First, *Mathis* did not decide – or even address – the meaning of the phrase "crime of violence" used to determine if the defendant violated 18 U.S.C. § 924(c)(1)(A) by using or possessing a firearm during its commission. Instead, the sole issue in *Mathis* was the proper analytical approach to be used by district courts in evaluating prior offenses to determine if they warrant an increase in the defendant's sentence under the Armed Career Criminal Act. *Mathis*, 136 S. Ct. at 2248-50. Because the Supreme Court in *Mathis* did not more narrowly construe the meaning of a "crime of violence" for purposes of § 924(c)(1)(A), Allee's reliance upon it for that proposition is wholly misplaced. In addition, the gatekeeping requirements of *Wooten* are not satisfied because binding Sixth Circuit precedent establishes that *Mathis* is not applicable to cases on collateral review. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017); see also *Mathis*, 136 S. Ct. at 2251, 57 (indicating that its holding is dictated by well-established precedent dating back to *Taylor v. United States*, 475 U.S. 600 (1990)).

Allee's claim is also substantively without merit. His first § 924(c) conviction was imposed for brandishing a firearm during the robbery. *Allee*, 299 F. 3d at 1003. That conviction remains entirely valid because even after *Mathis*, the robbery he committed in violation of Section § 2113(a), (d) constituted a "crime of violence" for purposes of Section 924(c)(1)(A). *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016); *Moore v. United States*, No. 2: 16-CV-598, 2016 WL 5408882, at *3-4 (S.D. Ohio Sept. 28, 2016); *see also United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. 2017) ("... § 2113(a) bank robbery categorically

4

qualifies as a 'crime of violence' under § 924(c)(3)(A)."). Allee's second § 924(c) conviction was based upon his discharging a firearm during the carjacking. *Allee*, 299 F. 3d at 1003. Carjacking in violation of 18 U.S.C. §§ 2119 also constitutes a "crime of violence" after the Supreme Court's decision in *Mathis*. *United States v. Evans*, 848 F.3d 242, 246-47 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017); *Guthrie v. United States*, No. 3: 16-CV-347-TBR, 2017 WL 3204505, at *3-6 (W.D. Ky. Feb. 14, 2017).

Allee's second claim implies that his sentence is no longer valid in light of the recent decision in *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017). The Sixth Circuit only permits resort to a § 2241 petition as a vehicle for a challenge to the validity of a sentence where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Allee's sentence, imposed in 2002, certainly satisfies the first criteria. But in *Dean*, the Supreme Court held only that the mere fact that 18 U.S.C. § 924(c) requires the imposition of a mandatory minimum sentence for a conviction under it does not preclude the sentencing court from considering that sentence when determining the sentence to be imposed for other convictions. *Dean*, 137 S. Ct. at 1175-78. There is no evidence here that the trial court considered itself barred from considering the impact of the 924(c) sentences when settling upon the sentences to be imposed for the other offenses. But more fundamentally, *Dean* does not

5

relate to career offender enhancements at all, and there is no indication that it falls within the narrow class of decisions contemplated by *Hill* as a basis to challenge a sentence. *Hill*, 836 F. 3d at 599-600. *See Bennett v. Terris*, No. 2: 17-CV-11251, 2017 WL 4551471, at *2 (E.D. Mich. Oct. 12, 2017); *United States v. Payne*, No. 94-CR-150-TCK, 2017 WL 3730612, at *2 (N.D. Okl. Aug. 29, 2017) ("All authority located by this Court indicates that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review.") (collecting cases); *Simmons v. Terris*, No. 17-CV-11771, 2017 WL 3017536, at *3 (E.D. Mich. July 17, 2017) (holding claim under *Dean* is not cognizable in § 2241 petition); *United States v. Moreno*, No. 18-CV-47-BLG, 2018 WL 1187413, at *2 (D. Mont. Mar. 7, 2018) (same); *Davis v. Williamsburg*, No. 1: 17-CV-2222-PMD, 2017 WL 5897820, at *1 (D.S.C. Nov. 30, 2017).

Allee's third claim is that the trial court improperly imposed a two hundred thirty-five (235) month sentence for being a felon in possession of a firearm in violation of Section 922(g), a sentence he contends exceeds the 120-month maximum allowed by Section 924(a)(2). Allee seems to disregard the potential application of the career offender provision in Section 924(e)(1), which provides for a mandatory minimum sentence of fifteen (15) years imprisonment. Regardless, Allee's claim regarding the correctness of his sentence for this offense is one of ordinary trial error that could, and therefore must, have been raised on direct appeal or in an initial motion under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Finally, Allee asserts two other claims in conclusory fashion: that "the Court denied Movant Due Process when it failed to properly apply §3552 factors while imposing Movant's sentence" and that the second § 924(c) conviction was invalid because the use of the firearm during the carjacking was merely a "continuation" of the bank robbery committed hours before.

6

[R. 6 at 3, 16-18.] Neither of these claims are cognizable in this § 2241 proceeding for the same reason just noted: they are claims of trial error that should have been made on direct appeal, and neither is based upon any intervening decision of the Supreme Court. In addition, the latter claim is irreconcilable with the Eighth Circuit's decision on direct appeal that consecutive sentencing was required because Allee's § 924(c) convictions were predicated upon distinct conduct. For the reasons stated above, Allee's petition seeking habeas corpus relief under § 2241 must be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner Justin J. Allee's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge